IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**ERIC ARTIAGA,**

**Petitioner,**

**vs.**                                                           CV 06-0694    BB/WDS

**TIM HATCH, Warden,**

**Respondent.**

## MAGISTRATE JUDGE'S PROPOSED
## FINDINGS AND RECOMMENDED DISPOSITION[1]

This is a Petition For a Writ of Habeas Corpus filed under 28 U.S.C. § 2254 by Eric Artiaga. Artiaga is proceeding *pro se*. Respondents filed an answer to the Petition, followed by a motion to dismiss that was filed on September 8, 2006. (Doc. 7) Petitioner has not filed a response to the motion to dismiss, and the time in which to do so has expired. The United States Magistrate Judge, having considered the arguments of the parties, the record, relevant law, and being otherwise fully advised, finds and recommends that the Petition should be denied, and Respondent's motion to dismiss should be granted. The court makes the following findings and recommended disposition.

### FACTUAL AND PROCEDURAL BACKGROUND

Artiaga entered into a plea agreement and was sentenced on April 25, 2000 pursuant to a Judgment, Sentence and Commitment. Petitioner was sentenced on two counts of Criminal Sexual

---

[1] Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. §636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

Penetration in the Second Degree (Deadly Weapon), both second degree felonies; Kidnaping, a second degree felony; and Assault with Intent to Commit a Violent Felony, a third degree felony. Petitioner was sentenced to twenty years incarceration.

On April 27, 2000 Petitioner filed a motion to reconsider sentence. A hearing was held and the motion was denied on July 13, 2000. Petitioner did not appeal the Judgment and Sentence or the denial of his motion for reconsideration, and next sought relief on May 7, 2004, when he filed his State habeas corpus petition. The State petition was denied on February 22, 2006. Petitioner next filed a Petition for Certiorari to the New Mexico Supreme Court on March 17, 2006, which was denied on March 29, 2006.

The instant petition, filed August 3, 2006, followed.

## CLAIMS

Petitioner makes the following allegations of ineffectiveness of counsel in his petition: 1) Counsel failed to let him speak during sentencing; 2) Counsel advised him that he would only serve five years probation and enter a therapeutic program if he pled guilty; 3) Counsel failed to allow him to tell the sentencing judge that he was agreeing to enter a plea with the understanding that he had been promised probation; 4) Counsel lost evidence given to him by Petitioner; 5) Counsel misrepresented the facts when he told Petitioner that he had hired a private investigator, and that the DNA tests were a match, however he could not see the results unless he went to trial; 6) Counsel erroneously told Petitioner that he could not be sentenced as a habitual offender because the previous offense had occurred in another county; and 7) Counsel told Petitioner that he had talked to the judge and if he gave Petitioner any time at all it would be two to three years.

**STANDARD OF REVIEW**

Since Petitioner is in custody pursuant to the judgment of a State court, 28 U.S.C. § 2254 applies. Under 28 U.S.C. § 2254, a petitioner is entitled to federal habeas relief only if he can establish that the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Petitioner must also satisfy the jurisdictional requirements of the Antiterrorism and Effective Death Penalty Act of 1996. (AEDPA)

**ANALYSIS**

The AEDPA provides a one-year statute of limitations for habeas corpus petitions filed by state prisoners. 28 U.S.C. §2244(d)(1). The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Options (B)-(D) do not apply in this matter, so Petitioner's limitation period falls under subparagraph (A). In this case more than three years and eight months elapsed between the denial of petitioner's motion for reconsideration and the filing of his state habeas petition. The one-year

limitations period of the AEDPA can be tolled by the filing of a State habeas petition during the limitations period. However, a State habeas petition that is filed after the AEDPA's limitations period has expired, such as that filed by Petitioner on May 7, 2004, does not reset the AEDPA's one-year clock to zero.

Therefore, the instant petition is time barred, since it was filed after the one-year statute of limitations period expired. In light of the fact that the pleading is time barred, the Court does not have jurisdiction to address the merits of the petition.

## RECOMMENDED DISPOSITION

The Court recommends that Eric Artiaga's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. §2254, filed August 3, 2006 be DISMISSED WITH PREJUDICE.

**W. DANIEL SCHNEIDER**
**United States Magistrate Judge**